11-3859-cr
United States v. Shay

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of June, two thousand twelve.

PRESENT: RALPH K. WINTER,
           CHESTER J. STRAUB,
           DENNY CHIN,
                  Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
     Appellee,

     -v.-                             11-3859-cr

JOSEPH MARK SHAY,
     Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:              BRENDA K. SANNES, Assistant United States Attorney (Elizabeth A. Horsman, Assistant United States Attorney, on the brief), for Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

FOR DEFENDANT-APPELLANT:  MOLLY K. CORBETT, Assistant Federal Public Defender (Timothy Austin, Assistant Federal Public Defender on the brief), for Lisa Peebles, Acting Federal Public Defender for the Northern District of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On August 12, 2009, defendant-appellant Joseph Mark Shay pled guilty to one count of distribution of child pornography and one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (a)(5)(B). On February 24, 2010, the district court sentenced Shay to 210 months' imprisonment on each count, to run concurrently, and a lifetime term of supervised release. Shay appealed the district court's February 24, 2010, judgment. On April 6, 2011, this Court vacated the district court's judgment and remanded for further consideration in light of United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010). On August 24, 2011, on remand, the district court resentenced Shay to the same sentence. Shay appealed, contending that the district court's second sentence was procedurally and substantively unreasonable.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Upon reviewing the district court's sentence under a "deferential" abuse of discretion standard, we conclude that the district court's sentence survives appellate scrutiny because it was procedurally and substantively reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007).

First, the district court's sentence was procedurally reasonable because no significant procedural error was committed. Id. At resentencing, the district court adequately explained its chosen sentence, discussing: Dorvee, the child pornography guidelines, the 18 U.S.C. § 3553(a) factors, the substantial length of time over which Shay committed the offenses, the volume of child pornography involved, the victim statements, and the public harm caused by Shay's conduct. See Gall, 552 U.S. at 51.

Second, the district court's sentence was substantively reasonable because, taking into account the "totality of circumstances," id., the sentence fell within the range of permissible decisions, see United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). Indeed, during the course of twelve years, Shay collected over 41,000 images and 372 video files of child pornography, including images portraying the sadistic abuse of children.

We have considered Shay's remaining arguments and find them to be without merit. Accordingly, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

-3-