16-2091-cr
*United States v. Hause*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand seventeen.

Present:
>       JOHN M. WALKER, JR.,
>       DEBRA ANN LIVINGSTON,
>       GERARD E. LYNCH,
>               *Circuit Judges*.

---

UNITED STATES OF AMERICA,

>       *Appellee*,

>       v.                                                          16-2091-cr

FRANK HAUSE,

>       *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | Rajit S. Dosanjh, for Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York |
| For Defendant-Appellant: | Molly K. Corbett (James P. Egan, *on the brief*) for Lisa A. Peebles, Federal Public Defender, Northern District of New York, Albany, New York |

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Frank Hause pleaded guilty to receiving, possessing and distributing child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (a)(5)(B), (b)(1) and (b)(2). The district court sentenced Hause, as relevant on appeal, to 151 months' imprisonment and a life term of supervised release. We assume the parties' familiarity with the facts, the procedural history of the case, and the issues on appeal.

We review a district court's sentence for procedural and substantive reasonableness. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). Because Hause did not raise any of his objections before the district court, we review his procedural challenges for plain error.[1] *See United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007). To establish plain error, an appellant must show there was (1) error; (2) that is clear or obvious; and (3) that affected his substantial rights. *Id.* at 209. If these requirements are met, this Court has discretion to correct the error if it "seriously affected the 'fairness, integrity or public reputation of the judicial proceedings.'" *Id.* (quoting *United States v. Doe*, 297 F.3d 76, 82 (2d Cir. 2002)).

A district court procedurally errs by, *inter alia*, failing adequately to explain the sentence imposed, including any deviation from the range recommended by the United States Sentencing

---

[1] As to Hause's substantive reasonableness challenge, this Court has "not decided whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence." *United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014). We need not, and do not, reach this issue here, however, because for the reasons stated *infra*, we find no abuse of discretion, let alone plain error, in the district court's imposition of a term of 151 months' imprisonment and a life term of supervised release in this case.

Guidelines (the "Guidelines"). *Gall v. United States*, 552 U.S. 38, 51 (2007). Requiring the district court to explain its sentence serves important goals: "(1) informing the defendant of the reasons for his sentence, (2) permitting meaningful appellate review, (3) enabling the public to learn why the defendant received a particular sentence, and (4) guiding probation officers and prison officials in developing a program to meet the defendant's needs." *United States v. Verkhoglyad*, 516 F.3d 122, 132 (2d Cir. 2008) (quoting *Villafuerte*, 502 F.3d at 210). However, the level of explanatory detail required varies according to the sentence, and a Guidelines sentence often requires little explanation. *Rita v. United States*, 551 U.S. 338, 356–59 (2007); *Villafuerte*, 502 F.3d at 211–12.

Hause contends, at the start, that his sentence is procedurally unreasonable because the district court failed adequately to explain its within-Guidelines sentence. We disagree. At Hause's sentencing, the district court explained that it had reviewed the sentencing submissions of the parties and the Probation Department's presentence investigation report ("PSR"). The court noted that it had considered arguments about the factors incorporated into Guidelines sentences for child pornography offenses as a general matter. The court also heard argument from defense counsel explaining Hause's personal characteristics. The district court then observed:

> When I look at this particular case and the victims that are involved and the sentencing factors that I'm supposed to consider which are fully recited in 18 U.S.C. [§] 3553(a), includes all things about you, Mr. Hause. I'm satisfied that a guideline sentence here at the low end of the range is the reasonable choice given the harm—the public harm that's been caused these children by the conduct of conviction in this case . . . .

3

J.A. 76. Because the record thus adequately explains the reasons underlying Hause's 151-month sentence, we perceive no procedural error (let alone plain error) in his sentence on that basis.

Nor do we find Hause's second argument—that the district court failed to consider all of the statutory sentencing factors outlined in 18 U.S.C. § 3553(a)—to be availing. We presume, in the absence of contrary evidence, that a district court has considered the statutory factors and do not require a district court to incant any specific words to prove it has done so. *Verkhoglyad*, 516 F.3d at 129, 131; *see also United States v. Wagner-Dano*, 679 F.3d 83, 89 (2d Cir. 2012). Here, the district court expressly stated it had "received and reviewed" Hause's and the government's sentencing submissions and the PSR. J.A. 67. The district court also heard argument relevant to the statutory sentencing factors at Hause's sentencing hearing. Moreover, the record makes clear that the district court considered the arguments presented to it about Hause's personal characteristics and history in selecting Hause's sentence. Although the district court did not recite the factors outlined in § 3553(a), it referred to the factors in explaining the basis for its decision—both at Hause's sentencing hearing and in its written Statement of Reasons.

We also disagree with Hause's contention that his sentence is substantively unreasonable. Specifically, Hause contends the district court's reliance on the harm to the children who appeared in the images Hause received, possessed, and distributed cannot bear the weight assigned to it in the determination of Hause's sentence. "At the substantive stage of reasonableness review, an appellate court may consider whether a factor relied on by a sentencing court can bear the weight assigned to it." *Cavera*, 550 F.3d at 191. Substantive reasonableness review "provide[s] a backstop for those few cases that, although procedurally

4

correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

This is not one of those few cases. As explained above, the district court sentenced Hause after considering the relevant § 3553(a) factors, including Hause's personal characteristics and the seriousness of his offenses. In light that consideration, including of Hause's arguments in support of a shorter sentence, nothing warrants our reweighing the factors balanced by the district court. *See Cavera*, 550 F.3d at 191. Hause's within-Guidelines terms of imprisonment and supervised release are not "shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *Rigas*, 583 F.3d 108. Finding neither procedural nor substantive error, we affirm the district court's sentence entirely.

We have considered Hause's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5