17-2447-cr
United States v. Light

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of November, two thousand eighteen.

PRESENT: PIERRE N. LEVAL,
     RAYMOND J. LOHIER, JR.,
       *Circuit Judges*,
     SIDNEY H. STEIN,*
       *District Judge*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

   *Appellee*,

   v.            No. 17-2447-cr

PAUL A. LIGHT,

---

\* Judge Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

*Defendant-Appellant.*

-----------------------------------------------------------------

FOR APPELLANT:                    VIVIAN SHEVITZ, South Salem, NY.

FOR APPELLEE:                     CARINA H. SCHOENBERGER, Assistant United States Attorney (Richard D. Belliss, Assistant United States Attorney, *on the brief*), *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Paul A. Light appeals from a judgment of the District Court (Sharpe, J.) sentencing him principally to 151 months' imprisonment and ten years' supervised release following his guilty plea to seventeen child pornography-related counts. We assume the parties' familiarity with the underlying facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Light raises two principal arguments on appeal.   First, he argues that his sentence is procedurally and substantively unreasonable primarily because the District Court failed to consider our decision in United States v. Jenkins, 854 F.3d 181 (2d Cir. 2017).   Second, he argues that he received ineffective assistance of counsel primarily because his attorney did not move for the recusal of the sentencing judge.

As for Light's first argument, the District Court did not commit procedural error.   Specifically, it did not (1) "fail[] to calculate the Guidelines range," (2) make a mistake in its Guidelines calculation, (3) "treat[] the Guidelines as mandatory," (4) fail to "give proper consideration to the § 3553(a) factors," (5) rest its sentence on "clearly erroneous factual findings" or errors of law, (6) fail to "adequately explain the sentence imposed," or (7) "deviate[] from the Guidelines range without explanation."   United States v. Johnson, 567 F.3d 40, 51 (2d Cir. 2009).   Nor is Light's sentence, which is on the low end of the Guidelines range of 151 to 181 months, substantively unreasonable, as it fell "within the range of permissible decisions."   United States v. Daugerdas, 837 F.3d 212, 230 (2d Cir. 2016) (quotation marks omitted).

As for Light's argument that the District Court's failure to "consider" Jenkins renders his sentence unreasonable, we disagree.[1]   In any event, Light's sentence does not conflict with our decision in Jenkins.   In Jenkins, we found that a sentence of 225 months' imprisonment and 25 years' supervised release was substantively unreasonable where the defendant possessed but did not produce child pornography and did not have contact with any children.   See 854 F.3d at 190.   Here, Light similarly did not produce child pornography and did not have contact with any children, but Light received a significantly lower sentence than the defendant in Jenkins.

While we do not find the 151-month sentence to be substantively unreasonable in this case, we take this opportunity to reiterate the concerns we raised with the child pornography Sentencing Guidelines in Dorvee and Jenkins. In Dorvee, we identified four enhancements in child pornography crimes that were "all but inherent" to these crimes.   616 F.3d at 186.   For example, in 2017,

---

[1] Although the District Court did not mention Jenkins, it considered United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010), in which, as in Jenkins, we raised concerns about the perfunctory application of the Guidelines in child pornography cases where the defendant is not involved in a production offense. See Dorvee, 616 F.3d at 186–87; Jenkins, 854 F.3d at 189–190.

95.2% of defendants sentenced under § 2G2.2 received the enhancement for an image of a victim under the age of 12, 72.1% for an image of sadistic or masochistic conduct or other forms of violence, 75.6% for an offense involving 600 or more images, and 95.8% for the use of a computer.   See U.S. Sentencing Comm'n, Use of Guidelines and Specific Offense Characteristics (Offender Based), Fiscal Year 2017 45–46.[2]   Light, a "run-of-the-mill" defendant from the standpoint of child pornography cases, see Dorvee, 616 F.3d at 186, who did not produce child pornography or have contact with any children, also received all four of those enhancements.   Of particular concern are the enhancements meted out for offenses involving the use of a computer and for 600 or more images. We are aware of no end of the criminal justice system that is furthered by increasing the sentence for the use of a computer—an increase that applies even when the defendant does not utilize the internet in the course of committing the crime.   See U.S.S.G. § 2G2.2 cmt. 1; 18 U.S.C. § 1030(e)(1).   Under § 2G2.2, any video is considered to contain 75 images without regard to its length, leading to

[2] Available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/guideline-application-frequencies/2017/Use_of_SOC_Offender_Based.pdf.

many "run-of-the-mill" defendants receiving a full 5-level enhancement based on the arbitrary composition of that defendant's cache of pornography. See U.S.S.G. § 2G2.2 cmt. 6(B)(ii). While those who view child pornography and create a market for such prohibited content need to be punished under the law, it is imperative that there be a meaningful difference in sentencing between "run-of-the-mill" first time users and "serious commercial distributors of online pornography." Dorvee, 616 F.3d at 186. The United States Sentencing Commission has determined that the current non-production guideline warrants revision, Jenkins, 854 F.3d at 189–90 (citing U.S. Sentencing Comm'n, Report to the Congress: Federal Child Pornography Offenses (2012)[3]), and we concur.

Finally, we deny Light's ineffective assistance of counsel claim. Inappropriate comments about the genetic predisposition of child pornography offenders made by the district judge almost ten years ago, see United States v. Cossey, 632 F.3d 82 (2d Cir. 2011), cannot be said to indicate that the judge currently holds those views. In fact, the judge referred to Light's individual

---

[3] Available at https://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Full_Report_to_Congress.pdf.

characteristics during the sentencing hearing.   The judge has sentenced child pornography defendants since he made those comments and we have upheld those sentences.   See, e.g., United States v. Hause, 690 F. App'x 68 (2d Cir. 2017) (summary order); United States v. Shay, 478 F. App'x 713 (2d Cir. 2012) (summary order); United States v. Aumais, 656 F.3d 147 (2d Cir. 2011).   We see no "reasonable probability that, but for counsel's unprofessional error[]" in not seeking recusal, "the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).

We have considered Light's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7